IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GARY ROBINSON, | ) |
| Petitioner, | ) |
| vs. | ) CIVIL ACTION 08-00332-WS-B |
| LILLIAN WATSON-FOSTER, *et al.*, | ) |
| Respondents. | ) |

### REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate proceeding pro se, which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims, and no federal evidentiary hearing is required. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004). Upon careful consideration, it is recommended that this action be dismissed, and that judgment be entered in favor of Respondents and against Petitioner Gary Robinson.

On December 11, 2007, Robinson pleaded guilty to unlawful distribution of a controlled substance in Washington County Circuit Court and received a split sentence of fifteen years with eighteen months to be served in the state penitentiary, followed by five years of supervised probation (Docs. 9, 18). Robinson did not appeal the conviction, nor did he file any state post-conviction

petition challenging such conviction. (Doc. 9).

On May 20, 2008, Robinson filed a habeas petition in United States District Court for the Middle District of Alabama. (Doc. 5). However, the case was transferred to the Southern District and docketed in this Court on June 13, 2008. (Id.) At the Court's direction, Robinson filed the instant petition seeking habeas relief on this Court's form on August 4, 2008. (Docs. 8, 9).  In his petition, Robinson raises a single claim for relief, namely that his conviction was obtained by use of a coerced confession when the trial judge threatened him with a life sentence if he did not enter a guilty plea.[1] (Doc. 9, p. 7). Respondents filed an Answer alleging that Robinson's claim is procedurally defaulted because it was not raised in the state courts and is, therefore, subject to dismissal. (Doc. 18).

---

[1] The record indicates that former judge Stuart DuBose presided over Petitioner's proceedings. (Docs. 9; 18, Ex. A). In his sworn statement filed August 8, 2008, Robinson asserts:

> Judge Debuse came to the Attorney/ Client Conference room, and [Threated me] with a life sentence if I did no take the 18 month sentence offered.
> Judge Debuse was already under investigation for forging names on deed's when I went befor him.
> Judge Debuse is currently in Baldwin County Jail for Drugs and Illegal Guns.
> Also the 'DA' and my court appointed public defender were present in the conference room when Judge Debuse [Threated me].
> Judge Debuse is currently in Baldwin County Jail for doing vearious crupt things so if that so the court should see why I would like me case dismissed. [sic]

(Doc. 13). See also (Docs. 6; 20, p. 2).

**CONCLUSIONS OF LAW**

Section 2254(b)(1) provides that a prisoner in state custody shall not be granted a writ of habeas corpus unless the prisoner "has exhausted the remedies available in the courts of the State." "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).[2] Claims which have never been presented to a state court or claims which were not presented to the state courts in the proper manner results in a procedural default of those claims. Id. at 848. See also Gray v. Netherland, 518 U.S. 152, 161-162, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996) (where state-court remedies are no longer available because petitioner failed to file a direct appeal or initiate timely state post-conviction action, petitioner has procedurally defaulted on his claims and is generally barred from asserting claims in a federal habeas proceeding); Coleman v. Thompson, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (citations omitted) ("[I]f the petitioner failed to exhaust state remedies and the

---

[2] The exhaustion doctrine also requires that a petitioner "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. In Alabama, the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to the Alabama Court of Criminal Appeals, and an application for discretionary review by the Alabama Supreme Court. See Ala. R. App. P. 4, 39, 40.

court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] ... there is a procedural default for purposes of federal habeas."); Henderson v. Haley, 353 F.3d 880, 891 (11th Cir. 2003) (when petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted).

In the instant action, Robinson has admitted that he has not pursued any remedies in the state courts.[3] (Doc. 9, pp. 3-5). Accordingly, the Court finds that the claim raised in Robinson's petition is procedurally defaulted as it was not raised on direct appeal or through the Rule 32 process before being presented to this Court. O'Sullivan, 526 U.S. at 838; Pruitt v. Jones, 348 F.3d 1355 (11th Cir. 2003).

Where, as here, the petitioner is barred from raising state remedies because those remedies are no longer available, he is also barred from raising the claim in a federal habeas petition unless either the cause and prejudice exception or the fundamental

---

[3] Additionally, Respondents assert that the "claim raised in this petition has not been presented to the state court for review but is effectively exhausted because there is no available forum in which he can bring this claim. This claim could not be properly raised [in] a state postconviction petition because it would be precluded from collateral review as it was not raised on direct appeal. Rule 32.3(a)(5) of the Alabama Rules of Criminal Procedure." (Doc. 18).

miscarriage of justice exception is established. Henderson, 353 F.3d at 892. See also Gates v. Zant, 863 F.2d 1492, 1500 (11th Cir. 1989) ("A defendant who is procedurally barred from raising a federal constitutional claim in state court is also barred from raising the claim in a federal habeas petition unless he can show cause for and actual prejudice from making the default."); Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995) ("If a state prisoner fails to raise a claim in state court, or attempts to raise a claim in an improper manner, and state procedural rules preclude the state courts from hearing the merits of the claim, then the federal habeas court is also precluded from hearing its merits, absent a showing of cause and prejudice.").

"Cause" for a procedural default exists if "the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule," or that the procedural default was the result of ineffective assistance of counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish "prejudice," the petitioner additionally must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original). In the absence of a showing of cause and prejudice, the Court may yet consider a procedurally

defaulted claim if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent." Smith v. Murray, 477 U.S. 527, 537-38 (1986).

In his petition, Robinson alleges that he did not raise his claim in the state courts because "Washington County stated that to file in there [sic] court, filing fees outside [his] means were required." (Doc. 9, p. 7). In support, Robinson provides the Court with a copy of his Motion for Consideration of Probation, filed in the state circuit court, and correspondence from the clerk of that court indicating that his motion could not be filed without the requisite filing fee or an application to proceed in forma pauperis. (Doc. 13).  To the extent Robinson's contention can be construed  as asserting "cause" for his failure to file a direct appeal or a state collateral action, he has failed to demonstrate that he is entitled to relief. Clearly, Robinson's Motion for Consideration of Probation is not equivalent to a direct appeal of his conviction and sentence nor to a state habeas petition.  Even if this motion was analogous, however, Robinson does not indicate that he filed an application to proceed in forma pauperis, assuming he was unable to pay the required filing fee, and it was denied, nor does he allege that he was somehow prevented from filing such an application.  In fact, Robinson does not allege that he undertook any action, aside from the filing of the above-referenced motion to consider, in an effort to present his claim to the state courts for review.  Moreover, there is no evidence in the record

that Robinson acted diligently and took any steps to raise his claims with the state courts in either a direct appeal or a Rule 32 petition.[4] Thus, the Court concludes that Robinson has failed to establish cause and prejudice.

Finally, Robinson has failed to allege, let alone offer, any evidence that suggests that he is actually innocent of the offense for which he was convicted. Thus, the Court has not been presented with any evidence which implicates any of the onerous requirements for applying the "actual innocence" exception for procedural default or that this Court's failure to address the merits of Robinson's claim would result in a fundamental miscarriage of justice. Schlup v. Delo, 513 U.S. 298, 327, 1155 S.Ct. 851, 130 L.Ed. 2d 808 (1999) (petitioner must show "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence"). As the undersigned has determined that the claim raised in Robinson's petition is procedurally defaulted and that he has failed to establish either the "cause and prejudice" exception or the "actual innocence" exception to the procedural

---

[4] The one-year limitations period governing Robinson's ability to file a Rule 32 petition had not expired when he filed his federal habeas petition on May 20, 2008 or when he received notification, on June 3, 2008, that his motion for consideration of probation could not be filed without the filing fee or application to proceed without prepayment of fees. See Rule 32.2, Ala. R. Crim. P. (Alabama law requires a Rule 32 petition to be filed within one (1) year of the issuance of a certificate of judgment by the Alabama Court of Criminal Appeals, or if no appeal is taken, within one (1) year of the deadline for filing such an appeal).

7

default rule, the Court need not address the merits of the issue raised in his habeas petition.

## CONCLUSION

For the reasons set forth above, the undersigned recommends that this action be dismissed and that judgment be entered in favor of Respondents and against Petitioner Gary Robinson on all claims.

The attached sheet contains important information regarding this report and recommendation.

**DONE** this **30th** day of **July, 2009.**

                                              /S/ SONJA F. BIVINS  
                                     **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   <u>**Objection**</u>.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)( c); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   <u>**Opposing party's response to the objection.**</u>  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   <u>**Transcript (applicable where proceedings tape recorded)**</u>.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                         /S/ SONJA F. BIVINS      
                                  **UNITED STATES MAGISTRATE JUDGE**